## J. P. BUBB v. LYCOMING CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF LYCOMING COUNTY.

Argued March 19, 1890—Decided April 7, 1890.

The act of March 13, 1873, P. L. 285, providing that, "instead of the pay
heretofore received," the election officers in Lycoming county should
receive "$2.50 per day, to be computed from the opening to the clos-
ing of the polls, and 25 cents per hour for each additional hour they
may be necessarily engaged in counting the votes and making out the
returns after the polls shall be closed," a return judge is not entitled to
the per diem allowance under § 92, act of July 2, 1839, P. L. 540; the
question as to mileage under § 93 of said act not raised, and not decided.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 336 January Term 1890, Sup. Ct.; court below, No. 63
March Term 1890, C. P.

On December 13, 1889, an amicable action in assumpsit was
entered, wherein John P. Bubb was plaintiff and Lycoming
county was defendant, a case stated being filed setting out the
following facts:

"That John P. Bubb was the duly elected judge of elections
of Nippenose township, Lycoming county, for the year 1889,
and served in such capacity at the general election of Novem-
ber 5, 1889, and delivered the election returns for said town-
ship·for said election to the prothonotary of the Court of Com-
mon Pleas of Lycoming county as required by law; that he
presented to the commissioners of Lycoming county his bill
for services for the day of the election and for extra hours in
making up the returns, etc., and also for one day's service as
return judge in making his return of the election papers for
said township of Nippenose, .for the election of November 5,
1889, to the prothonotary, as aforesaid; that the county com-
missioners drew an order on the county treasurer in favor of
said John P. Bubb for the daily pay at the election polls, for
the extra hours spent in counting the ballot and making up

Opinion of the Court.

the returns, etc., and mileage for the distance traveled in making his returns of the election papers to the prothonotary as aforesaid, but refused to draw a warrant in his favor for his daily pay as return judge in delivering the election returns.

"If the court should be of the opinion that John P. Bubb is entitled to a per diem allowance for the time spent in making his returns of the election papers to the prothonotary, for the general election of November 5, 1889, for Nippenose township, then judgment to be entered in favor of John P. Bubb and against Lycoming county for one day's service, in the amount fixed by law. If he is not entitled to such allowance then judgment to be entered in favor of the county."

On February 14, 1890, after argument, the court, METZGER, P. J., filed an opinion, which, after quoting the act of March 13, 1873, P. L. 285, proceeded:

This act supplies the general law so far as relates to the county of Lycoming, and must govern this case. It was clearly intended by the legislature that no per diem pay was to be allowed the election officers in this county for any service except such as is provided for by said act. The section of the act of 1839 relating to mileage of the return judges is not supplied by the act of 1873, nor are its provisions inconsistent with said section, and therefore mileage is still allowed to the judges for making their returns. But, so far as daily pay of election officers is concerned, there is no act or part of any act of assembly in force in this county, other than the act of 1873. The daily pay of the judge not being within its provisions, he is not entitled to said pay.

—Judgment having been entered in favor of the defendant, the plaintiff took this writ, assigning the entry of such judgment for error.

*Mr. J. F. Strieby*, for the appellant.

*Mr. John J. Reardon*, for the appellee.

PER CURIAM:

We think the learned judge below was right in entering judgment in favor of the county. Under the ninety-second section of the act of July 2, 1839, the plaintiff would have been

entitled to his per diem compensation for returning the election papers to the prothonotary. The local act of March 13, 1873, is very broad in its terms, and supersedes this section of the act of 1839. It provides "that, instead of the pay heretofore received by the election officers in the county of Lycoming, each officer and member of any election board shall hereafter be paid for their services at any special or general election in said county at the rate of $2.50 per day, to be computed from the opening to the closing of the polls, and 25 cents per hour for each additional hour they may be necessarily engaged in counting the votes and making out the returns after the polls shall be closed." This covers the ground fully as to the per diem compensation. It is expressly given "instead of the pay heretofore received," and excludes any other or further compensation for any services performed by such officers. The question of mileage is not before us.

Judgment affirmed.